IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20215-CIV-HUCK/ O'SULLIVAN

IN RE BANCO SANTANDER SECURITIES-

OPTIMAL LITIGATION                                /

**THE SANTANDER DEFENDANTS' MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS BASED ON IMPROPER VENUE**

Defendants Banco Santander, S.A., ("Santander"), Banco Santander International ("BSI"), Optimal Investment Services, S.A. ("OIS"), Manuel Echeverría Falla, Anthony Inder Rieden, and Brian Wilkinson (collectively, the "Director Defendants," and, together with Santander, BSI, and OIS, "Defendants"), pursuant to Fed. R. Civ. P. 12 (b)(3), respectfully request that the Court dismiss all claims asserted against them by Plaintiffs International Harvester, Ltd. ("International Harvester"), Marcelo Guillermo Testa ("Testa"), and Antonio Atencio Puado ("Puado") (collectively "Plaintiffs"). In support of this Motion, Defendants state that the Plaintiffs' claims arise out of Defendants' alleged mismanagement of Plaintiffs' investment accounts that are governed by agreements containing forum selection clauses, which expressly require that these claims be brought in Switzerland (International Harvester and Puado) or The Bahamas (Testa).

**Memorandum of Law**

I. **Plaintiffs' Alleged Contractual Relationships Require That This Action Be Brought in Switzerland/The Bahamas.**

Defendants respectfully refer the Court to the Santander Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed concurrently with this motion, for a comprehensive factual background. Here, Defendants provide only a summary of those facts critical to this motion.

- 1 -

Three of the named Plaintiffs—Mar Octava Limitada, San Javier International Limited, and Juan Gonzalo Pérez Valdez—allege that they are each clients of BSI and purchased shares in the Funds through their accounts at BSI.  *See* Consolidated Amended Class Action Complaint ("Compl.")  ¶¶ 35, 37(a), 38.[1]  The remaining three named Plaintiffs — International Harvester, Testa, and Puado — do not allege that they are clients of BSI or any other Defendant.  Instead, International Harvester and Puado allege that they are clients of non-party, Banco Santander (Suisse), S.A. ("Santander Suisse").  Compl. ¶¶ 36, 41.  Testa is a client of non-party, Santander Bank & Trust (Bahamas), Ltd. ("Santander Bahamas").  Thus, International Harvester's and Puado's accounts are governed by the terms of their respective account agreements with Santander Suisse, while Testa's account is governed by the terms of his account relationship with Santander Bahamas.[2]  The Santander Bahamas Account Agreement governing Testa's account expressly incorporates by reference the Santander Bahamas Terms & Conditions Governing Accounts ("Santander Bahamas Terms & Conditions").  With respect to International Harvester

---

[1] Specifically, Plaintiffs allege they purchased shares of Optimal Strategic U.S. Equity Ltd. ("Optimal SUS"), Optimal Arbitrage Ltd. ("Optimal Arbitrage"), Optimal SUS (Ireland), and Optimal Arbitrage (Ireland) (collectively, the "Funds").  The Funds are organized such that Optimal SUS and Optimal Arbitrage are trading companies ("Optimal Multiadvisors"), a Bahamian investment company. (Compl. ¶¶ 56-57).  Optimal SUS (Ireland) and Optimal Arbitrage (Ireland) are sub-funds of Optimal Multiadvisors (Ireland) Public Limited Company ("Multiadvisors Ireland"), an Irish investment fund.  (*Id.* ¶¶ 57-58).

[2] As alleged in Complaint ¶¶ 324-25, and exhibits 33 and 34 thereto, BSI does, on occasion have access to blank form account agreements for Santander Bahamas and Santander Suisse.  These documents are provided to BSI on a limited basis in order to allow prospective private banking clients to compare the potential benefits of opening accounts with BSI, Santander Bahamas or Santander Suisse.  However, BSI does not have access, custody or control over Santander Bahamas or Santander Suisse documents, including account documents.

Prior to filing this Motion, counsel for Defendants requested that Plaintiffs' counsel provide true and correct copies of the executed relevant agreements governing the accounts of International Harvester, Puado and Testa, all of which are referenced in the Complaint.  Plaintiffs' counsel declined to do so.

and Puado, both of those Plaintiffs, upon opening their accounts, were required to sign the Santander Suisse General Terms & Conditions ("Santander Suisse Terms & Conditions").[3]

The Santander Suisse Terms & Conditions contain a choice of forum provision, which requires that all actions brought by the account holder (such as International Harvester and Puado) be brought exclusively in Switzerland under Swiss law:

> All the relations between the Client and the Bank are subject to Swiss law. All disputes which may arise between the Client and the Bank *shall be submitted to the Court of Geneva*, subject to appeal to the Federal Tribunal as provided by law.

Exh. B ¶ 32 (emphasis added).

Similarly, the Santander Bahamas Terms & Conditions require that all actions brought by its clients (such as Testa) must be maintained exclusively in The Bahamas:

> Subject to the provisions of the Account Agreement, you hereby *irrevocably submit to the exclusive jurisdiction of the Commonwealth of the Bahamas* in any action or proceeding arising out of or relating to the Account or this Agreement, and irrevocably agree that all claims in respect of any action or proceeding may be heard and determined in those courts.

Exh. A ¶ 78 (emphasis added).

## II. Defendants Are Entitled To Enforce The Terms of The Forum Selection Clauses.

A motion to dismiss based upon a forum selection clause designating a foreign forum is properly brought via a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th

---

[3] The Santander Bahamas Terms & Conditions and the Santander Suisse Terms & Conditions are attached as Exhibits A and B, respectively. As these documents are central to Plaintiffs' claims, the Court may properly consider them as part of the pleadings for purposes of deciding a Rule 12 motion to dismiss. *See, e.g.*, *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Jackson v. Bellsouth Telecomm., Inc.*, 181 F. Supp. 2d 1345, 1354 (S.D. Fla. 2001). Furthermore, in considering a Rule 12(b)(3) motion, courts may refer to matters outside the pleadings. *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp.2d 1317, 1320 (S.D. Fla. 2000).

Cir. 1998). In the context of a Rule 12(b)(3) motion, the burden is on the plaintiff to show that venue in the current forum is proper. *Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (stating that plaintiff must make a prima facie showing of proper venue). When considering a motion to dismiss that invokes a forum selection clause, this Court applies federal law, not state law. *See P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (citing *Stewart Org, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28-29 (1988)).

As recognized by this Court, "[i]t is well settled that parties to a contract may bargain in advance to select the forum in which their disputes will be adjudicated." *Consol. Mgmt. Solutions, Inc. v. Dennis*, 2008 WL 2694107, at *2 (M.D. Fla. July 7, 2008) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-14 (1972)). A forum selection clause should be enforced unless the plaintiff makes a strong showing that enforcement would be unreasonable or unjust or that the clause is invalid due to fraud or overreaching. *Dennis*, 2008 WL 2694107, at *2; *see also In re Ricoh Corp.*, 870 F.2d 570, 574 (11th Cir. 1989) (holding that suit must present an "exceptional situation" to justify not enforcing a forum selection clause); *Picken v. Minuteman Press Int'l, Inc.*, 854 F. Supp. 909, 911 (N.D. Ga. 1993) ("This burden is extremely difficult to overcome."). The Eleventh Circuit has recognized that "[b]y enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff has already chosen." *P & S Business Machines*, 331 F.3d at 807.

There is no basis for not enforcing the forum selection clause in this case. Plaintiffs signed agreements opening accounts with institutions that they knew were based in Switzerland and The Bahamas — a fact made evident by the very names of the respective banks — and

cannot be heard to complain that it would be unjust to require them to litigate their disputes arising from their relationships with those entities in Switzerland or The Bahamas.  The forum selection clauses in the Santander Suisse and Santander Bahamas Terms & Conditions establish unequivocally that International Harvester, Puado and Testa agreed in advance to litigate in Switzerland or The Bahamas "all disputes" (Exh. B ¶ 32) and "all claims" (Exh. A ¶ 78) relating to their accounts.  These broad provisions plainly encompass the dispute that these Plaintiffs now attempt to bring before this Court.[4]  Notably, Plaintiffs make no attempt to allege that the forum selection clauses at issue here were the result of any fraud or over reaching.  As such, this Court should hold Plaintiffs to the terms of their bargain and enforce the forum selection clauses.

Although none of the named Defendants are parties to the Account Agreements or the Terms & Conditions, they are nonetheless entitled to enforce the forum selection clauses in those agreements that Plaintiffs entered into with Santander Suisse and Santander Bahamas.  Courts consistently have held that a non-party to a contract may enforce a forum selection clause against a party, so long as one of the litigants is "closely related" to the relevant transaction.  *See, e.g., Lipcon*, 148 F.3d. at 1299.  In *Lipcon*, the court explained that a "range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses."  *Id.* (quoting *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988)).  The court in *Lipcon* held that it was proper to enforce a forum selection clause against

---

[4]   It is irrelevant that the forum selection clause is contained in the Terms & Conditions, rather than in the individual account agreements.  Courts routinely enforce forum selection clauses in these types of general agreements governing the relationship between parties.  *See, e.g.*, *Belfiore v. Summit Fed. Credit Union*, 452 F. Supp. 2d 629, 631-32 (D. Md. 2006) (enforcing forum selection clause in plaintiff's Membership and Account Agreement).  Here, the Terms & Conditions were expressly incorporated into Testa's Account Agreement with Santander Bahamas.  *See* Compl. Exh. 33, ¶ 1.  In the case of International Harvester and Puado, they were required to sign the Santander Suisse Terms & Conditions containing the forum selection clause before their accounts were opened.  *See* Exh. B.

two non-signatory plaintiffs because those plaintiffs' claims were "directly related to, if not predicated upon" the interests of two other plaintiffs who were signatories to the relevant agreement.  148 F.3d at 1299; *see also Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209-10 (7th Cir. 1993) (enforcing forum selection clause against two plaintiff corporations that were not signatories to agreement, but were affiliates of signatory plaintiff); *Vickers v. Wells*, 2006 WL 89858, at *3 (N.D. Ga. Jan. 11, 2006) (allowing non-signatory president of defendant company to enforce forum selection clause because plaintiff was former employee of company and, as such, president was "closely related" to the contract and the dispute; "[b]eing a party to the agreement, or indeed, even a third-party beneficiary, simply is not a precondition to enforcement").  Courts in this circuit also have applied the rule of *Lipcon* to hold that non-signatory defendants are bound by forum selection clauses.  *Swisher Int'l Inc. v. ISA Chicago Wholesale, Inc.*, 2009 WL 1405177, at *3 (M.D. Fla. May 19, 2009) (enforcing forum selection clause against non-signatory individual defendant who was guarantor for corporate defendant, which was signatory to agreement containing forum selection clause).

Here, the Defendants are all "closely related" to the transaction between the Plaintiffs and Santander Suisse and Santander Bahamas — *i.e.*, the opening and management of investment accounts on Plaintiffs' behalf.  Because Plaintiffs are suing the Defendants for their alleged misrepresentations and omissions relating to those accounts, those Defendants are sufficiently "closely related" to the transaction for purposes of enforcing the forum selection clauses.  Similarly, because these Plaintiffs invested in the Funds through their accounts with Santander Suisse and Santander Bahamas, their claims against the Defendants are "directly related to, if not predicated upon" those account agreements and incorporated documents.  *See* Compl. ¶¶ 36, 41 (alleging that International Harvester and Puado invested in Optimal SUS and Optimal Arbitrage

"through its bank account with Santander Switzerland"); *Id.* ¶ 40 (alleging that Testa lost "all or substantially all of his investment in Optimal SUS, and lost a substantial amount of his investment in Optimal Arbitrage as a result of the wrongdoing alleged in the Complaint"). Accordingly, the Defendants are entitled to enforce the contractual forum selection clauses.

## CONCLUSION

For the reasons set forth above, the Court should dismiss all claims brought by Plaintiffs International Harvester, Puado, and Testa for improper venue pursuant to Rule 12(b)(3).

Dated: November 18, 2009

        Respectfully submitted,

        HUNTON & WILLIAMS LLP
        *Counsel for Defendants Banco Santander,*
        *S.A., Banco Santander International,*
        *Optimal Investment Services, S.A., Manuel*
        *Echeverría Falla, Anthony Inder Rieden,*
        *and Brian Wilkinson*
        Mellon Financial Center
        1111 Brickell Avenue, Suite 2500
        Miami, Florida 33131
        TEL: (305) 810-2500
        FAX: (305) 810-2460
        E-Mail: sdanon@hunton.com
        E-Mail: gmembiela@hunton.com

By:   /s/ Samuel A. Danon
        Samuel A. Danon
        Florida Bar No. 892671
        Gustavo J. Membiela
        Florida Bar No. 0513555

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 18, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record. I also certify that the foregoing document is being served today via facsimile and/or U.S. Mail, on those counsel who are not authorized to receive Notices of Electronic Filing, at the addresses listed below.

By: /s/ Gustavo J. Membiela
Gustavo J. Membiela

**Counsel Served By Facsimile and/or U.S. Mail**

Francis A. Bottini, Jr.
Johnson Bottini, LLP
655 W. Broadway, Suite 1400
San Diego, CA 92101
Tel: (619) 230-0063
Fax: (619) 238-0622
*Additional Attorneys for Plaintiffs*

Robert S. Schachter
Hillary Sobel
Zwerling, Schachter & Zwerling LLP
41 Madison Avenue
New York, NY 10010
Tel: (212) 223-3900
Fax: (212) 371-5969
*Of Counsel to Plaintiffs*