IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20215-CIV-HUCK/ O'SULLIVAN

IN RE BANCO SANTANDER SECURITIES-
OPTIMAL LITIGATION

_____/

**MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION BY DEFENDANT ANTHONY
L.M. INDER RIEDEN AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Anthony L.M. Inder Rieden ("Inder Rieden"), pursuant to Fed. R. Civ. P. 12(b)(2), respectfully requests that this Court dismiss all claims asserted against him in the Consolidated Amended Class Action Complaint ("Complaint" or "Compl.") for lack of personal jurisdiction. In support of this motion, Inder Rieden states as follows.

**Memorandum of Law**

**Background**

The claims asserted in this action stem from the massive Ponzi scheme perpetrated by Bernard L. Madoff ("Madoff"). Plaintiffs, none of whom resides in the United States, are alleged to have invested with a Bahamian investment fund, Optimal Multiadvisors, Ltd. ("Multiadvisors"), and two of its wholly owned trading companies, Optimal Strategic U.S. Equity Ltd. ("SUS") and Optimal Arbitrage Ltd. ("Arbitrage" and, with SUS, the "Funds"), both of which invested a portion of their investors' assets with Bernard L. Madoff Investment Securities ("BMIS"). (*See, e.g.*, Compl. ¶¶ 5, 35-41.)[1] Based on alleged wrongdoing by

---

[1] One of the plaintiffs, Juan Gonzalo Pérez Valdez, is alleged to have invested in Optimal SUS Ireland and Optimal Aribtrage Ireland. (Compl. ¶ 38.) Optimal SUS Ireland and Optimal Arbitrage Ireland are invested entirely in SUS and Arbitrage, respectively. (*Id*. ¶ 58.)

entities and individuals involved in the administration and management of those funds,\Plaintiffs assert against Inder Rieden common law claims under Florida law for breach of fiduciary duty, negligence, gross negligence, unjust enrichment, imposition of constructive trust and breach of contract.  (*Id.* ¶¶ 381-437.)  Plaintiffs also separately allege that the Funds' settlement with the BMIS bankruptcy trustee constituted a breach of Inder Rieden's fiduciary duty and conversion of the Funds' assets.  (*Id.* ¶¶ 494-516.)  Finally, Plaintiffs assert against Inder Rieden federal claims pursuant to Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j, and Rule 10b-5, 17 C.F.R. § 240.10b-5.  (Compl. ¶¶ 639-58.)  The Complaint names several Santander-affiliated defendants, of whom all but one — Banco Santander International — are foreign citizens/corporations.  (*Id.* ¶¶ 42-47.)

Inder Rieden has no connection to the United States sufficient to subject him to the jurisdiction of any U.S. court.  He is a citizen of the Netherlands and a permanent resident of the Bahamas.  (Declaration of Anthony Inder Rieden ¶ 4 (hereafter "Inder Rieden Decl.").)  Inder Rieden has never lived in the United States and does not own any property there.  (*Id.* ¶¶ 6-7, 9.)

Among the companies for which Inder Rieden serves as a director are the non-parties, Multiadvisors, SUS and Arbitrage, all of which are organized under the laws of the Bahamas.  (*Id.* ¶¶ 2-3.)  SUS and Arbitrage, the funds in which Plaintiffs allege they invested, were offered only outside of the United States and only to non-U.S. persons.  (*See, e.g.*, Compl., Ex. 12 at 3, 16-17, 39.)  Indeed, because SUS and Arbitrage are not registered with the SEC (*see, e.g.*, *id.*, Ex. 12 at 3), they could not lawfully be publicly marketed to U.S. persons or within the United States.

Nowhere in the Complaint do Plaintiffs allege that Inder Rieden has any contact, in his *individual* capacity, with the United States to justify this Court's exercise of personal jurisdiction. Rather, Plaintiffs attempt to establish both general and specific personal jurisdiction over Inder Rieden based on the contacts of other individuals or entities, or Inder Rieden's alleged contacts with Florida in his corporate capacity.

With respect to general jurisdiction, Plaintiffs rely solely on the existence of several businesses incorporated in Florida of which Inder Rieden was a director and/or officer, or in which he maintained a partial, indirect ownership interest. (*Id.* ¶¶ 351-64.) As set forth in the attached declaration, of these five corporations, only one is still active, and two of them, Intercontinental Estates, Inc. and Antique Holdings, Inc., have been dissolved for more than twenty years. (Inder Rieden Decl. ¶¶ 16-17, 21.) Two of the corporations, Commercial Property Investors (Palm Bay) Inc. and Buttswell Corporation, owned and continue to own, respectively, one piece of property in Florida. (*Id.* ¶¶ 19, 22.) With respect to Intercoastal Financial Services Corp. ("Intercoastal"), Inder Rieden was neither an officer nor a director, and his partial ownership interest in the company was twice removed, in that he had a ownership interest in Fernshaw Investments Ltd. (a Bahamian company), which had an ownership interest in Intercoastal Holdings LLC (a Florida company), which in turn had an ownership interest in Intercoastal Financial Services Corp. (*Id.* ¶ 25.)

More importantly, as Inder Rieden's own declaration makes clear, to the extent he engaged in any activity in or connected to Florida in relationship to his role with these companies, such activity was performed solely in his capacity as an officer or director of these corporations. (*Id.* ¶¶ 16-18, 21.) Indeed, despite providing a listing of these corporations and the contacts that they may have had with the state of Florida, Plaintiffs allege no specific

3

activity in which Inder Rieden engaged, in an individual capacity, to establish continuous and systematic contacts with the United States. (*See* Compl. ¶¶ 352-63.)

Plaintiffs also attempt to establish specific jurisdiction over Inder Rieden pursuant to the New York long-arm statute on the basis that "BMIS served as agent and attorney-in-fact of Optimal SUS" and that "BMIS thus acted in New York for the benefit of, on behalf of, and with the knowledge and consent of [Inder Rieden]." (*Id.* ¶ 368.) Again, however, the Complaint does not identify any contact that Inder Rieden *personally* had with the United States in connection with any Optimal entity. In his supporting declaration, Inder Rieden attests that he never had any contact or communication with Madoff or BMIS, and never traveled to the United States in connection with his work for any Optimal entity. (Inder Rieden Decl. ¶¶ 10-14.)

**Argument**

A federal court conducts a two-part inquiry to determine whether to exercise personal jurisdiction over a non-resident defendant. First, the court ascertains whether an applicable statute confers jurisdiction. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004).[2] Second, the court determines "whether the exercise of personal jurisdiction

---

[2] Plaintiffs' reliance on the New York long-arm statute is puzzling. As set forth herein, Section 27 of the Exchange Act has been construed in the context of federal securities law claims to render the exercise of personal jurisdiction over a defendant proper so long as the defendant has contacts with any federal judicial district. In the event that the federal securities law claims are dismissed, this Court would be required to determine whether the Complaint alleges facts sufficient to bring the defendant within the ambit of Florida's long-arm statute. *See, e.g.*, *Gill v. Three Dimension Sys., Inc.*, 87 F. Supp. 2d 1278, 1283-85 (M.D. Fla. 2000) (finding that the court must look to the Florida long-arm statute to determine personal jurisdiction for state law claims in the absence of actionable federal securities fraud claims). For the reasons set forth in the Motions to Dismiss filed by the HSBC Defendants and PwC Ireland, Plaintiffs' reliance on the New York long-arm statute is irrelevant for the purposes of establishing personal jurisdiction over Inder Rieden for the common law claims, irrespective of

4

over the defendant would violate the Due Process Clause," which "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))).

Section 27 of the Exchange Act contains a provision authorizing service of process on defendants in any "district of which the defendant is an inhabitant or wherever the defendant may be found." 15 U.S.C. § 78aa. This has been construed in the context of federal securities law claims to render the exercise of personal jurisdiction over a defendant proper so long as the defendant has sufficient minimum contacts with any federal judicial district, even if it is not the one in which the case is brought. *SEC v. Carrillo*, 115 F.3d 1540, 1543-44 (11th Cir. 1997).

When determining whether sufficient minimum contacts exist, "[t]he [requisite] nature and quality of these contacts . . . vary depending upon whether the type of personal jurisdiction being asserted is specific or general." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). Due process requires that the foreign defendant either (1) have engaged in continuous and systematic activities in the forum (allowing a court to exercise "general" jurisdiction over the defendant), *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984), or (2) have committed some act "purposefully directed" at the residents of the forum, with the "litigation result[ing] from alleged injuries" arising out of that act (allowing a court to assert "specific" jurisdiction over the defendant), *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). *See also Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 833 (11th

---

the fact that an action originally filed in federal court in New York was transferred to this Court. *See Eyak Native Vill. v. Exxon Corp.*, 25 F.3d 773, 780 (9th Cir. 1994).

Cir. 1992). For specific jurisdiction, a significant causal relation must exist between a defendant's jurisdictional contact and plaintiff's claim, such that the defendant should reasonably anticipate being sued in the forum jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Bersch v. Drexel Firestone, Inc.*, 519 F.2d 974, 999-1000 (2d Cir. 1975). "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction . . . ." *Consol. Dev. Corp.*, 216 F.3d at 1292.

Plaintiffs bear the burden of proving that the court may properly assert personal jurisdiction over a non-resident defendant, *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988), and jurisdiction over each defendant must be assessed individually, *see Calder v. Jones*, 465 U.S. 783, 790 (1984). Plaintiffs must make a prima facie case of jurisdiction by alleging sufficient facts to support a reasonable inference that the individual defendants are subject to the jurisdiction of this Court. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). Even if a prima facie case is established, the defendant may rebut it by establishing through affidavit or otherwise that he lacks sufficient jurisdictional contacts to permit the exercise of jurisdiction. "If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578 (M.D. Fla. 1991)).

I.     THIS COURT MAY NOT EXERCISE PERSONAL JURISDICTION OVER INDER RIEDEN

   A.     **Inder Rieden Has No Personal Contact With the United States to Justify General or Specific Jurisdiction.**

As set forth in his supporting declaration, Inder Rieden lacks any tie to the United States that would support the exercise of general or specific jurisdiction. Inder Rieden is a citizen and resident of foreign countries. (Inder Rieden Decl. ¶ 4.) He does not live and has never lived in the United States. (*Id.* ¶ 6.) He does not maintain any place of business or office in the United States. (*Id.* ¶ 8.) He did not carry out any responsibility associated with Multiadvisors, SUS or Arbitrage from the United States. (*Id.* ¶¶ 10-14.) In short, Inder Rieden, in his individual capacity, lacks the requisite continuous or systematic contact that could justify the assertion of general jurisdiction.

There is no basis for the exercise of specific jurisdiction over Inder Rieden either. Seemingly recognizing this, Plaintiffs do not even attempt to allege that Inder Rieden himself has contacts with the United States related to the claims in the Complaint. Indeed, as Inder Rieden's declaration establishes, he has never set foot within the United States in connection with his service as a director of any Optimal entity, nor did he ever have any contact whatsoever with Madoff or his brokerage firm. (*Id.* ¶¶ 10-14.) In no way did Inder Rieden "purposefully avail[] [him]self of the privilege of conducting activities within the forum." *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1220 (11th Cir. 2009) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Even if Plaintiffs had alleged any personal contact by Inder Rieden himself with the United States—and they have not—those contacts would have to relate to Plaintiffs' claims or have given rise to them. *Oldfield*, 558 F.3d at 1220. "These dual requirements are the constitutional benchmarks of the minimum contacts analysis and ensure that a defendant is only

7

burdened with litigation in a forum where his 'conduct and connection with the forum . . . are such that he should reasonably anticipate being haled into court there.'" *Id.* at 1220-21 (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297). Inder Rieden has *no* personal contact with a U.S. forum, and, *a fortiori*, none that "relate" or "give rise" to the alleged claims. Thus, the exercise of personal jurisdiction over him would exemplify the type of exercise of jurisdiction the Due Process Clause forbids.

### B. Inder Rieden's Corporate Contacts Are Not a Proper Basis for General Jurisdiction.

Despite their attempt to establish general jurisdiction over Inder Rieden, Plaintiffs fail to identify any conduct by Inder Rieden in his individual capacity that could constitute continuous and systematic activities in the forum. Rather, all of Plaintiffs' allegations relate to actions taken by or on behalf of companies incorporated in Florida in which Inder Rieden had a partial, indirect ownership interest, or of which he was an officer and/or director. (Compl. ¶¶ 351-64.) These types of corporate contacts, by themselves, are an insufficient basis on which to establish personal jurisdiction over a defendant in his individual capacity.

#### 1. Inder Rieden's Partial, Indirect Ownership Interest in Intercoastal Does Not Subject Him to General Jurisdiction.

A corporation's contacts may not be attributed to its shareholders for the purposes of satisfying the minimum contacts analysis. *Mother Doe I v. Maktoum*, 632 F. Supp. 2d 1130, 1140 (S.D. Fla. 2007) ("Florida law is clear that, generally, 'the actions of a corporation cannot be imputed to its shareholders for purposes of establishing long arm personal jurisdiction over the shareholder.'") (quoting *Suroor v. First Inv. Corp.*, 700 So. 2d 139, 141 (Fla. Dist. Ct. App.

1997)); *see also Calder*, 465 U.S. at 790.[3] Indeed, "[t]he mere formation of a corporation in Florida by a non-resident, and even the conduct of business by the corporation in Florida, do not subject the shareholder to the jurisdiction of Florida courts." *Beasley v. Diamond R. Fertilizer, Co.*, 710 So. 2d 1025, 1025 (Fla. Dist. Ct. App. 1998); *see also Suroor*, 700 So. 2d at 141 (finding that a corporation's contacts are not attributable to its shareholder for the purposes of personal jurisdiction).[4] This same principle underlies the well-established rule that a parent corporation is not subject to personal jurisdiction in a forum simply because its subsidiary has the requisite contacts with the forum. *See, e.g.*, *Meterlogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1353-54 (S.D. Fla. 2000) ("The rule in this state is that the presence of a subsidiary corporation . . . within Florida is not enough to subject a nonresident parent corporation to the state's long arm jurisdiction.").

Plaintiffs rely on Inder Rieden's partial, indirect ownership interest in Intercoastal to establish general jurisdiction over him in his individual capacity. (Compl. ¶¶ 359-63.) All of Plaintiffs' allegations, however, concern Intercoastal's—and not Inder Rieden's— contacts with Florida. (*Id.*) For example, the fact that Intercoastal conducted business in Florida, was censured for regulatory violations or that its Chief Financial Officer was sanctioned by the Securities Division of the Illinois Secretary of State, while potentially sufficient to subject the *corporation itself* to jurisdiction in Florida, does not serve as a proper basis for subjecting Inder

---

[3] *See also, e.g.*, *Duravest, Inc. v. Viscardi, A.G.*, 581 F. Supp. 2d 628, 634 (S.D.N.Y. 2008) (noting that a corporations' contacts may not be automatically attributed to its shareholders and officers).

[4] *See also, e.g.*, *Newberry v. Rife*, 675 So. 2d 684, 685 (Fla. Dist. Ct. App. 1996) ("The mere fact that one holds shares in or is a director of a corporation is not the functional equivalent of doing business in the state."); *Marriott PLP Corp. v. Tuschman*, 904 F. Supp. 461, 466 (D. Md. 1995) ("Shareholders in a corporation do not subject themselves to personal jurisdiction in the forum in which the corporation was formed.").

9

Rieden, a partial, indirect owner, to general personal jurisdiction. *Beasley*, 710 So. 2d at 1025. Moreover, as set forth in the attached declaration, any benefit that Inder Rieden derived from Intercoastal was in his capacity as an indirect shareholder of the corporation. (Inder Rieden Decl. ¶ 26.) Absent more, this is not a sufficient basis for subjecting a defendant, in his individual capacity, to general jurisdiction in Florida. *Madara*, 916 F.2d at 1516 n.7 (rejecting as insufficient to establish general personal jurisdiction a defendant's indirect ownership of real estate in Florida); *Suroor*, 700 So. 2d at 141 (allegations that defendant was the "actual or beneficial owner" of corporation are insufficient to establish personal jurisdiction over the defendant in his individual capacity).

### 2. Inder Rieden's Role as an Officer and Director of Florida Corporations Does Not Subject Him to General Jurisdiction.

Just as a shareholder of a Florida corporation is not subject to personal jurisdiction based on the corporation's activities, personal jurisdiction cannot be maintained over an officer or director of a corporation solely by virtue of the acts of the corporation for which that individual serves. *Calder*, 465 U.S. at 790; *Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993) ("While Southland Corporation, which operates businesses in Florida, could be haled into court because of its minimum contacts, its chief executive officer is not by virtue of his position subject to personal jurisdiction."); *Mother Doe I*, 632 F. Supp. 2d at 1142 ("The fact that Defendants may have involvement, even extensive involvement, with corporations that do business in Florida is not sufficient, in and of itself, to establish that Defendants themselves are subject to the personal jurisdiction of a Florida court.").[5] Equally important, the Florida

---

[5] *See also* 4A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1069.4 (3d ed. 2009) ("[P]ersonal jurisdiction over individual officers and employees of a corporation may not be predicated on the Federal court's jurisdiction over the corporation itself, unless the individuals are engaged in activities within the forum court's jurisdiction that would

Supreme Court has long recognized the applicability of the "corporate shield" doctrine, the proposition that the "acts of [a] corporate employee performed in [a] corporate capacity do not form the basis for jurisdiction over [the] corporate employee in [an] individual capacity." *Doe*, 620 So. 2d at 1006 (citation omitted).[6] The corporate shield doctrine negates any contact related to an individual's role as a corporate officer or director in the contexts of both specific and general jurisdiction. *See, e.g.*, *Gannon v. Flood*, No. 08-60059, 2008 U.S. Dist. LEXIS 27536, at *6 n.1, 8-10 (S.D. Fla. Mar. 26, 2008) (stating that regardless of whether plaintiff was arguing for specific or general jurisdiction, "the Corporate Shield Doctrine would bar the exercise of personal jurisdiction over Defendant"). Further, this principle applies with equal force whether the individual is a director of a foreign corporation or a company incorporated in Florida. *See Homes Design Servs., Inc. v. Banyan Constr. & Dev., Inc.*, No. 07-cv-5-Oc-10GRJ, 2007 U.S. Dist. LEXIS 43634, at *10 n.5 (M.D. Fla. June 15, 2007); *see also Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675, 679 (11th Cir. 2009).

In accordance with these principles, the fact that Inder Rieden was or continues to be an officer or director of Florida corporations, by itself, is insufficient to establish general personal jurisdiction over Inder Rieden in his individual capacity. For example, Plaintiffs allege a laundry list of contacts that the *corporations* had or have with Florida, *i.e.*, that these corporations "had bank accounts in Florida and executed financial transactions through those

---

subject them to the application of the state's long-arm statute."); *Harte-Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Group, Inc.*, 299 F. Supp. 2d 505, 513 (D. Md. 2004) ("Personal jurisdiction over an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation.").

[6] As the court stated in *Doe*, "[t]he rationale of the doctrine is the notion that it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." 620 So. 2d at 1006 (quotation marks and citation omitted).

11

accounts" (*e.g.*, Compl. ¶¶ 352-53), that one of the corporations owns property in Florida (*see id*. ¶¶ 356-57), and that one of the corporations was involved in legal proceedings in Florida (*see id.* ¶ 358).[7] As is plainly evident, all of Plaintiffs' allegations relate to contacts that these *corporations* had with Florida. Absent a showing that these contacts can be attributed to Inder Rieden in his *individual* capacity, rather than to the corporations themselves, Inder Rieden is not solely "by virtue of his position subject to personal jurisdiction." *Doe*, 620 So. 2d at 1006; *Newberry*, 675 So. 2d at 685 ("The mere fact that one holds shares in or is a director of a corporation is not the functional equivalent of doing business in the state."); *Groome v. Feyh*, 651 F. Supp. 249, 255 (S.D. Fla. 1986) (finding that acts of a corporation cannot be imputed to individual defendants).

Moreover, despite Plaintiffs' vague allegation that Inder Rieden carried on "personal business" through these corporations—an allegation that is unsupported in the Complaint—Plaintiffs have pointed to no continuous and systematic contacts that Inder Rieden himself had with Florida, let alone contacts that were not in his capacity as an officer or director of these corporations. Indeed, as Inder Rieden's own declaration makes clear, to the extent he engaged in any activity in Florida in connection with these companies, such activity was taken in his capacity as an officer or director of these corporations. (Inder Rieden Decl. ¶¶ 16-18, 21.) The mere fact that Inder Rieden may have signed annual reports filed with the Florida Department of State on behalf of one of these corporations (*see* Compl. ¶ 354)—the only activity plaintiffs allege that was taken by Inder Rieden himself—is irrelevant to establish jurisdiction over Inder

---

[7] Plaintiffs allege that Inder Rieden's address between 1987 and 2005 is listed as the same as the principal address for Commercial Property Investors (Palm Bay) Inc., in Coral Gables, Florida. (Compl. ¶ 354.) As set forth in the attached declaration, this address was that of the

Rieden in his individual capacity. *See, e.g.*, *Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602, 2006 U.S. Dist. LEXIS 96422, at *12 (S.D. Fla. Apr. 14, 2006) ("Plaintiffs fail to recognize that, as a matter of [l]aw, conduct of non-resident corporate officers and shareholders, taken in their corporate, as opposed to individual capacity, does not subject them to personal jurisdiction."), *aff'd sub nom. Lane v. XYZ Venture Partners, L.L.C.*, 322 F. App'x 675 (11th Cir. 2009).[8] Because Plaintiffs provide no evidence that Inder Rieden—in his individual capacity—has continuous and systematic contacts with Florida, they have failed to satisfy their burden of making a prima facie showing of general jurisdiction.[9]

### C. BMIS's Contacts Cannot Be Imputed to Inder Rieden.

Recognizing that Inder Rieden has no personal contact with the United States relating to the claims in the Complaint, Plaintiffs attempt to make an end-run around the Due Process

---

law firm serving as the corporation's agent. (Inder Rieden Decl. ¶ 20.) Inder Rieden has never maintained a residence in the state of Florida. (*Id.* ¶ 6.)

[8] *See also Clement v. Lipson*, 999 So. 2d 1072, 1076 (Fla. Dist. Ct. App. 2008) (concluding that actions taken by corporate employees in their capacity as managers of corporation are shielded by the corporate shield doctrine and not relevant to a personal jurisdiction inquiry); *Carter v. Estate of Rambo*, 925 So. 2d 353, 356 (Fla. Dist. Ct. App. 2006) ("The corporate shield doctrine draws a distinction between a corporate officer acting on his own and a corporate officer acting on behalf of his corporation. Under the corporate shield doctrine, any activity in one's capacity as a corporate officer or director is exempted from consideration in support of the exercise of long-arm jurisdiction over said officer or director.").

[9] In addition to the fact that Plaintiffs' allegations relate almost entirely to contacts that corporations—and not Inder Rieden—had with Florida, many of Plaintiffs' allegations fall well outside the appropriate time period for a jurisdictional inquiry. Indeed, courts have recognized that, while contacts are "commonly assessed over a period of years prior to the filing of a complaint," the outer range of this time period is seven years. *Mold-Ex, Inc. v. Mich. Technical Representatives, Inc.*, No. 04-cv-307, 2005 U.S. Dist. LEXIS 35470, at *15-16 (N.D. Fla. Sept. 30, 2005); *see also Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 569 (2d Cir. 1996) (recognizing the use of a seven-year period to analyze a defendant's contact with the forum); *Carib-USA Ship Lines Bah. Ltd. v. Dorsett*, 935 So. 2d 1272, 1276 (Fla. Dist. Ct. App. 2006) (same).

Clause by establishing specific jurisdiction over Inder Rieden solely on the basis of BMIS's conduct in New York.[10] In particular, relying only on the fact that BMIS is described in the Multiadvisors Memoranda as the "agent" and "attorney-in-fact" *for SUS*, Plaintiffs seek to impute that alleged BMIS-SUS agent-principal relationship to Inder Rieden in his *individual* capacity. (Compl. ¶ 368.)

To establish an agency relationship, Plaintiffs must carry their burden of demonstrating: "(1) acknowledgement by the principal that the agent will act for it; (2) the agent's acceptance of the undertaking; and (3) control by the principal over the actions of the agent." *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1324 (S.D. Fla. 2009). Courts have been clear that to establish personal jurisdiction over a defendant in his or her *individual* capacity on the basis of an agency relationship, it is "necessary to determine whether an agency relationship, legally cognizable for jurisdictional purposes, existed between the defendants in their capacity as *individuals* and their alleged agents." *Barrett v. United States*, 646 F. Supp. 1345, 1351 (S.D.N.Y. 1986) (emphasis in original); *Green v. McCall*, 710 F.2d 29, 33 (2d Cir. 1983) (determining that personal jurisdiction cannot be established "over a defendant in his individual capacity based on an agent's tortious act within the state unless the agent was representing the defendant in his individual capacity"). Actions taken by agents of a corporation, without more,

---

[10] Though Plaintiffs do not specify which section of New York's long-arm statute (C.P.L.R. 302) they seek to invoke jurisdiction under, we assume, based on the allegations, that Plaintiffs rely on § 302(a)(3) (extending specific personal jurisdiction over "any non-domiciliary . . . who . . . through an agent . . . commits a tortious act within the state."). As demonstrated above, even were New York's long-arm statute relevant—and it is not (*see* note 2, *supra*)—Plaintiffs have failed to make a prima facie showing of jurisdiction under this statute because they have failed to establish a "legally cognizable" agency relationship between Inder Rieden and BMIS. *Barrett v. United States*, 646 F. Supp. 1345, 1351 (S.D.N.Y. 1986). For the same reasons, Inder Rieden's contacts based upon the alleged agency relationship

are insufficient to establish jurisdiction over officers and directors of that corporation in their individual capacity. *See, e.g.*, *Z-Rock Commc'ns Corp. v. William A. Exline, Inc.*, No. C 03-02436, 2004 U.S. Dist. LEXIS 15807, at *58-59 (N.D. Cal. Aug. 6, 2004) (rejecting plaintiffs' contention that officers and directors of a corporation are subject to personal jurisdiction in an individual capacity based upon the acts of the corporation's agents).[11]  Indeed, a court's exercise of jurisdiction on this basis alone would fly in the face of the well-established principle that a corporation's contacts may not be extended automatically to its officers and directors. *See, e.g.*, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984).

Nowhere in the Complaint do Plaintiffs allege that BMIS was the agent of Inder Rieden in his *individual* capacity. Indeed, the Complaint itself makes clear that BMIS was an agent solely on behalf of SUS. (*See, e.g.*, Compl. ¶¶ 175, 368.)  Further, as set forth in the attached declaration, Inder Rieden never authorized BMIS to act on his personal behalf or for his personal benefit. (Inder Rieden Decl. ¶ 15.)  Plaintiffs' boilerplate allegations that an agency relationship existed between Inder Rieden and BMIS solely on the basis that BMIS may have been an agent of SUS are simply insufficient to establish a prima facie case of personal jurisdiction over Inder Rieden. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir. 2006) (concluding that personal jurisdiction could not be established because plaintiff's "vague

---

between SUS and BMIS are insufficient to satisfy the minimum contacts test under the Exchange Act. *See SEC v. Carillo*, 115 F.3d at 1543-44.

[11] *See also Coleman v. ABC*, No. 84-1594, 1985 U.S. Dist. LEXIS 18787, at *6 (D.D.C. June 18, 1985) ("[A]ctivities undertaken by individuals in the [forum] who are agents of a corporation but who are not 'agents' of corporate agents is sufficient as a basis for jurisdiction only over the corporation, not over the corporate representatives who are being sued in their individual capacity."); *Hare v. Family Publ'ns Serv., Inc.*, 342 F. Supp. 678, 682 (D. Md. 1972) (finding that personal jurisdiction cannot be established over a defendant based on "the acts of other agents of his principal").

and conclusory" allegations failed to demonstrate the existence of a legally cognizable agency relationship). Because Plaintiffs have not alleged—and cannot allege—that an agency relationship "existed between [Inder Rieden] in [his] capacity as [an] *individual*[]" and BMIS, this cannot serve as a basis for jurisdiction over Inder Rieden. *See*, *e.g.*, *Barrett*, 646 F. Supp. at 1351. Indeed, to hold otherwise would subject an individual to jurisdiction without any deliberate action taken on his own behalf, a concept in irreconcilable tension with the core due process principle that a non-resident person may subject himself to jurisdiction only by "some act by which [he] purposefully avails [himself] of the privilege of conducting activities within the forum." *Burger King*, 471 U.S. at 475 (quotation marks and citation omitted).

## Conclusion

For the foregoing reasons, Defendant Inder Rieden respectfully requests that this Court dismiss the Complaint for lack of personal jurisdiction.

Dated: November 18, 2009

    Respectfully submitted,

    HUNTON & WILLIAMS LLP
    *Counsel for Anthony L. M. Inder Rieden*
    Mellon Financial Center
    1111 Brickell Avenue, Suite 2500
    Miami, Florida 33131
    TEL: (305) 810-2500
    FAX: (305) 810-2460
    E-Mail:  sdanon@hunton.com
    E-Mail:  gmembiela@hunton.com

    By:     /s/ Gustavo J. Membiela
        Samuel A. Danon
        Florida Bar No. 892671
        Gustavo J. Membiela
        Florida Bar No. 0513555

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 18, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record. I also certify that the foregoing document is being served today via facsimile and/or U.S. Mail, on those counsel who are not authorized to receive Notices of Electronic Filing, at the addresses listed below.

By:/s/Gustavo J. Membiela
Gustavo J. Membiela

**Counsel Served By Facsimile and/or U.S. Mail**

Francis A. Bottini, Jr.
Johnson Bottini, LLP
655 W. Broadway, Suite 1400
San Diego, CA 92101
Tel:  (619) 230-0063
Fax: (619) 238-0622
*Additional Attorneys for Plaintiffs*


Robert S. Schachter
Hillary Sobel
Zwerling, Schachter & Zwerling LLP
41 Madison Avenue
New York, NY 10010
Tel: (212) 223-3900
Fax: (212) 371-5969
*Of Counsel to Plaintiffs*