IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20215-CIV-HUCK/ O'SULLIVAN

IN RE BANCO SANTANDER SECURITIES-
OPTIMAL LITIGATION
_____/

**MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION BY DEFENDANT
BRIAN WILKINSON AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Brian Wilkinson ("Brian Wilkinson"), pursuant to Fed. R. Civ. P. 12(b)(2), respectfully requests that this Court dismiss all claims asserted against him in the Consolidated Amended Class Action Complaint ("Complaint" or "Compl.") for lack of personal jurisdiction. In support of this motion, Wilkinson states as follows.

## Memorandum of Law

### Background

The claims asserted in this action stem from the massive Ponzi scheme perpetrated by Bernard L. Madoff ("Madoff"). Plaintiffs, none of whom resides in the United States, are alleged to have invested with a Bahamian investment fund, Optimal Multiadvisors, Ltd. ("Multiadvisors"), and two of its wholly owned trading companies, Optimal Strategic U.S. Equity Ltd. ("SUS") and Optimal Arbitrage Ltd. ("Arbitrage" and, with SUS, the "Funds"), both of which invested a portion of their investors' assets with Bernard L. Madoff Investment Securities ("BMIS"). (*See, e.g.*, Compl. ¶¶ 5, 35-41.)[1] Based on alleged wrongdoing by entities

---

[1] One of the plaintiffs, Juan Gonzalo Pérez Valdez, is alleged to have invested in Optimal SUS Ireland and Optimal Arbitrage Ireland. (Compl. ¶ 38.) Optimal SUS Ireland and Optimal Arbitrage Ireland are invested entirely in SUS and Arbitrage, respectively. (*Id*. ¶ 58.)

and individuals involved in the administration and management of those funds, Plaintiffs assert against Wilkinson common law claims under both Florida and New York law for breach of fiduciary duty, negligence, gross negligence, unjust enrichment, imposition of constructive trust and breach of contract. (*Id.* ¶¶ 381-437.) Plaintiffs also separately allege that the Funds' settlement with the BMIS bankruptcy trustee constituted a breach of Wilkinson's fiduciary duty and conversion of the Funds' assets. (*Id.* ¶¶ 494-516.) Finally, Plaintiffs assert against Wilkinson federal claims pursuant to Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j, and Rule 10b-5, 17 C.F.R. § 240.10b-5. (Compl. ¶¶ 639-58.) The Complaint names several Santander-affiliated defendants, of whom all but one — Banco Santander International — are foreign citizens/corporations. (*Id*. ¶¶ 42-47.)

Defendant Wilkinson has no connection to the United States sufficient to subject him to the jurisdiction of any U.S. court. He is a citizen of the United Kingdom and the Bahamas, who resides in Ireland. (Declaration of Brian Wilkinson, ¶ 4 (hereafter "Wilkinson Decl.").) Wilkinson has never lived in the United States and does not own any property there. (*Id*. ¶¶ 5-6, 8.)

Among the companies for which Wilkinson serves as a director are the non-parties, Multiadvisors, SUS and Arbitrage, all of which are organized under the laws of the Bahamas. (*Id.* ¶ 2.) SUS and Arbitrage, the funds in which Plaintiffs allege they invested, were offered only outside of the United States and only to non-U.S. persons. (*See, e.g.*, Compl., Ex. 12 at 3, 16-17, 39.) Indeed, because SUS and Arbitrage are not registered with the SEC (*see, e.g.*, *id.*, Ex. 12 at 3), they could not lawfully be publicly marketed to U.S. persons or within the United States.

Nowhere in the Complaint do Plaintiffs allege that Wilkinson has the requisite minimum contacts—let alone any contact—with the United States that would serve as a basis for this Court's exercise of personal jurisdiction. Moreover, in his supporting declaration, Wilkinson attests that he never had any contact or communication with Madoff or BMIS, and never traveled to the United States in connection with his work for any Optimal entity. (Wilkinson Decl. ¶¶ 9-13.) Recognizing that Wilkinson's own contacts cannot serve as a basis for personal jurisdiction, Plaintiffs' sole jurisdictional allegation with respect to Wilkinson is that "BMIS served as agent and attorney-in-fact of Optimal SUS" and that "BMIS thus acted in New York for the benefit of, on behalf of, and with the knowledge and consent of [Wilkinson]." (Compl. ¶ 368.) Plaintiffs invoke jurisdiction over Wilkinson on the basis of New York's long-arm statute.

## Argument

A federal court conducts a two-part inquiry to determine whether to exercise personal jurisdiction over a non-resident defendant. First, the court ascertains whether an applicable statute confers jurisdiction. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004).[2] Second, the court determines "whether the exercise of personal jurisdiction

---

[2] Plaintiffs' reliance on the New York long-arm statute is puzzling. As set forth above, Section 27 of the Exchange Act has been construed in the context of federal securities law claims to render the exercise of personal jurisdiction over a defendant proper so long as the defendant has contacts with any federal judicial district. In the event that the federal securities law claims are dismissed, this Court would be required to determine whether the Complaint alleges facts sufficient to bring the defendant within the ambit of Florida's long-arm statute. *See, e.g.*, *Gill v. Three Dimension Sys., Inc.*, 87 F. Supp. 2d 1278, 1283-85 (M.D. Fla. 2000) (finding that the court must look to the Florida long-arm statute to determine personal jurisdiction for state law claims in the absence of actionable federal securities fraud claims). For the reasons set forth in the Motions to Dismiss filed by the HSBC Defendants and PwC Ireland, Plaintiffs' reliance on the New York long-arm statute is irrelevant for the purposes of establishing personal jurisdiction over Wilkinson for the common law claims, irrespective of the fact that an action originally filed in federal court in New York was transferred to this Court. *See Eyak Native Vill. v. Exxon Corp.*, 25 F.3d 773, 780 (9th Cir. 1994).

over the defendant would violate the Due Process Clause," which "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id*. (quoting *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))).

Section 27 of the Exchange Act contains a provision authorizing service of process on defendants in any "district of which the defendant is an inhabitant or wherever the defendant may be found." 15 U.S.C. § 78aa. This has been construed in the context of federal securities law claims to render the exercise of personal jurisdiction over a defendant proper so long as the defendant has sufficient minimum contacts with any federal judicial district, even if it is not the one in which the case is brought. *SEC v. Carrillo*, 115 F.3d 1540, 1543-44 (11th Cir. 1997).

When determining whether sufficient minimum contacts exist, "[t]he [requisite] nature and quality of these contacts . . . vary depending upon whether the type of personal jurisdiction being asserted is specific or general." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000). Due process requires that the foreign defendant either (1) have engaged in continuous and systematic activities in the forum (allowing a court to exercise "general" jurisdiction over the defendant), *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984), or (2) have committed some act "purposefully directed" at the residents of the forum, with the "litigation result[ing] from alleged injuries" arising out of that act (allowing a court to assert "specific" jurisdiction over the defendant), *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). *See also Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 833 (11th Cir. 1992). For specific jurisdiction, a significant causal relation must exist between defendant's jurisdictional contact and plaintiff's claim, such that the defendant should reasonably anticipate

being sued in the forum jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Bersch v. Drexel Firestone, Inc.*, 519 F.2d 974, 999-1000 (2d Cir. 1975). "The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction . . . ." *Consol. Dev. Corp.*, 216 F.3d at 1292.

Plaintiffs bear the burden of proving that the court may properly assert personal jurisdiction over a non-resident defendant, *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988), and jurisdiction over each defendant must be assessed individually, *see Calder v. Jones*, 465 U.S. 783, 790 (1984). Plaintiffs must make a prima facie case of jurisdiction by alleging sufficient facts to support a reasonable inference that the individual defendants are subject to the jurisdiction of this Court. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). Even if a prima facie case is established, the defendant may rebut it by establishing through affidavit or otherwise that he lacks sufficient jurisdictional contacts to permit the exercise of jurisdiction. "If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000) (quoting *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578 (M.D. Fla. 1991)).

I. **THIS COURT MAY NOT EXERCISE PERSONAL JURISDICTION OVER WILKINSON**

   A. **Wilkinson Has No Contact With the United States to Justify General or Specific Jurisdiction.**

As set forth in his supporting declaration, Wilkinson lacks any tie to the United States that would support the exercise of general or specific jurisdiction. Wilkinson is a citizen and resident of foreign countries. (Wilkinson Decl. ¶ 4.) He does not live and has never lived in the United States. (*Id.* ¶ 5.) He does not maintain any place of business or office in the United

5

States. (*Id.* ¶ 7.) He does not carry out any responsibility associated with Multiadvisors, SUS or Arbitrage from the United States. (*Id.* ¶¶ 9-13.) Because he neither lives nor works in the United States, he does not have any continuous or systematic contact that could justify the assertion of general jurisdiction.

There is no basis for the exercise of specific jurisdiction over Wilkinson either. Indeed, Plaintiffs do not even attempt to allege that Wilkinson has contacts with the United States related to the claims in the Complaint. As Wilkinson's declaration establishes, he has never set foot within the United States in connection with his service as a director of any Optimal entity, nor did he ever have any contact whatsoever with Madoff or his brokerage firm. (*Id.* ¶¶ 9-13). In no way did Wilkinson "purposefully avail[] [him]self of the privilege of conducting activities within the forum." *Oldfield v. Pueblo de Bahia Lora, S.A.*, 558 F.3d 1210, 1220 (11th Cir. 2009) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

Even if Plaintiffs had alleged any contact by Wilkinson himself with the United States— and they have not—those contacts would have to relate to Plaintiffs' claims or have given rise to them. *Oldfield*, 558 F.3d at 1220. "These dual requirements are the constitutional benchmarks of the minimum contacts analysis and ensure that a defendant is only burdened with litigation in a forum where his 'conduct and connection with the forum . . . are such that he should reasonably anticipate being haled into court there.'" *Id.* at 1220-21 (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297). Wilkinson has *no* contact with a U.S. forum, and, *a fortiori*, none that "relate" or "give rise" to the alleged claims. Thus, the exercise of personal jurisdiction over him would exemplify the type of exercise of jurisdiction the Due Process Clause forbids.

6

### B. BMIS's Contacts Cannot Be Imputed to Wilkinson.

Recognizing that Wilkinson has no personal contact with the United States relating to the claims in the Complaint, Plaintiffs attempt to make an end-run around the Due Process Clause by establishing specific jurisdiction over Wilkinson solely on the basis of BMIS's conduct in New York.[3] In particular, relying only on the fact that BMIS is described in the Multiadvisors Memoranda as the "agent" and "attorney-in-fact" *for SUS*, Plaintiffs seek to impute that alleged BMIS-SUS agent-principal relationship to Wilkinson in his *individual* capacity. (Compl. ¶ 368.)

To establish an agency relationship, Plaintiffs must carry their burden of demonstrating: "(1) acknowledgement by the principal that the agent will act for it; (2) the agent's acceptance of the undertaking; and (3) control by the principal over the actions of the agent." *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1324 (S.D. Fla. 2009). Courts have been clear that, to establish personal jurisdiction over a defendant in his or her *individual* capacity on the basis of an agency relationship, it is "necessary to determine whether an agency relationship, legally cognizable for jurisdictional purposes, existed between the defendants in their capacity as *individuals* and their alleged agents." *Barrett v. United States*, 646 F. Supp. 1345, 1351 (S.D.N.Y. 1986) (emphasis in original); *Green v. McCall*, 710 F.2d 29, 33 (2d Cir. 1983) (determining that personal jurisdiction cannot be established "over a defendant in his individual capacity based on an

---

[3] Though Plaintiffs do not specify which section of New York's long-arm statute (C.P.L.R. 302) they seek to invoke jurisdiction under, we assume, based on the allegations, that Plaintiffs rely on § 302(a)(3) (extending specific personal jurisdiction over "any non-domiciliary . . . who . . . through an agent . . . commits a tortious act within the state."). As demonstrated above, even were New York's long-arm statute relevant—and it is not (*see* note 2, *supra*)—Plaintiffs have failed to make a prima facie showing of jurisdiction under this statute because they have failed to establish a "legally cognizable" agency relationship between Wilkinson and BMIS. *Barrett v. United States*, 646 F. Supp. 1345, 1351 (S.D.N.Y. 1986). For the same reasons, Wilkinson's contacts based upon the alleged agency relationship between SUS and BMIS are insufficient to satisfy the minimum contacts test under the Exchange Act. *See SEC v. Carillo*, 115 F.3d at 1543-44.

agent's tortious act within the state unless the agent was representing the defendant in his individual capacity"). Actions taken by agents of a corporation, without more, are insufficient to establish jurisdiction over officers and directors of that corporation in their individual capacity. *See, e.g.*, *Z-Rock Commc'ns Corp. v. William A. Exline, Inc.*, No. C 03-02436, 2004 U.S. Dist. LEXIS 15807, at *58-59 (N.D. Cal. Aug. 6, 2004) (rejecting plaintiffs' contention that officers and directors of a corporation are subject to personal jurisdiction in an individual capacity based upon the acts of the corporation's agents).[4] Indeed, a court's exercise of jurisdiction on this basis alone would fly in the face of the well-established principle that a corporation's contacts may not be extended automatically to its officers and directors. *See, e.g.*, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984).

Nowhere in the Complaint do Plaintiffs allege that BMIS was the agent of Wilkinson in his *individual* capacity. Indeed, the Complaint itself makes clear that BMIS was an agent solely on behalf of SUS. (*See, e.g.*, Compl. ¶¶ 175, 368.) Further, as set forth in the attached declaration, Wilkinson never authorized BMIS to act on his personal behalf or for his personal benefit. (Wilkinson Decl. ¶ 14.) Plaintiffs' boilerplate allegations that an agency relationship existed between Wilkinson and BMIS solely on the basis that BMIS may have been an agent of SUS are simply insufficient to establish a prima facie case of personal jurisdiction over Wilkinson. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1317 (11th Cir. 2006) (concluding that personal jurisdiction could not be established because plaintiff's "vague and conclusory"

---

[4] *See also Coleman v. ABC*, No. 84-1594, 1985 U.S. Dist. LEXIS 18787, at *6 (D.D.C. June 18, 1985) ("[A]ctivities undertaken by individuals in the [forum] who are agents of a corporation but who are not 'agents' of corporate agents is sufficient as a basis for jurisdiction only over the corporation, not over the corporate representatives who are being sued in their individual capacity."); *Hare v. Family Publ'ns Serv., Inc.*, 342 F. Supp. 678, 682 (D. Md. 1972) (finding

allegations failed to demonstrate the existence of a legally cognizable agency relationship). Because Plaintiffs have not alleged—and cannot allege—that an agency relationship "existed between [Wilkinson] in [his] capacity as [an] *individual*[]" and BMIS, this cannot serve as a basis for jurisdiction over Wilkinson. *See*, *e.g.*, *Barrett*, 646 F. Supp. at 1351. Indeed, to hold otherwise would subject an individual to jurisdiction without any deliberate action taken on his own behalf, a concept in irreconcilable tension with the core due process principle that a non-resident person may subject himself to jurisdiction only by "some act by which [he] purposefully avails [himself] of the privilege of conducting activities within the forum." *Burger King*, 471 U.S. at 475 (quotation marks and citation omitted).[5]

## Conclusion

For the foregoing reasons, Defendant Wilkinson respectfully requests that this Court dismiss the Complaint for lack of personal jurisdiction.

---

that personal jurisdiction cannot be established over a defendant "based on the acts of other agents of his principal").

[5] As set forth herein, Wilkinson maintains that Plaintiffs cannot establish jurisdiction over him in any United States court. In the event, however, that the Court dismisses Plaintiffs' federal securities law claims on other bases but does not dismiss the common law claims, Plaintiffs have failed to establish jurisdiction over Wilkinson in this Court with respect to the remaining claims. *Gill*, 87 F. Supp. 2d at 1283-84 (finding that, in the absence of actionable securities law fraud claims, plaintiffs must satisfy Florida's long-arm statute). Because Plaintiffs have failed to allege that Wilkinson has any contact with Florida, and because New York's long-arm statute is irrelevant for the purposes of establishing jurisdiction over the common claims (*see* note 2, *supra*), Plaintiffs have not satisfied their burden of making out a prima facie case of jurisdiction over Wilkinson in any Florida court.

Dated:  November 18, 2009

        Respectfully submitted,

        HUNTON & WILLIAMS LLP
        *Counsel for Brian Wilkinson*
        Mellon Financial Center
        1111 Brickell Avenue, Suite 2500
        Miami, Florida 33131
        TEL: (305) 810-2500
        FAX: (305) 810-2460
        E-mail:  sdanon@hunton.com
        E-mail: gmembiela@hunton.com

        By:   /s/ Gustavo J. Membiela
              Samuel A. Danon
              Florida Bar No. 892671
              Gustavo J. Membiela
              Florida Bar No. 0513555

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 18, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record. I also certify that the foregoing document is being served today via facsimile and/or U.S. Mail, on those counsel who are not authorized to receive Notices of Electronic Filing, at the addresses listed below.

By: /s/Gustavo J. Membiela
Gustavo J. Membiela

**Counsel Served By Facsimile and/or U.S. Mail**

Francis A. Bottini, Jr.
Johnson Bottini, LLP
655 W. Broadway, Suite 1400
San Diego, CA 92101
Tel: (619) 230-0063
Fax: (619) 238-0622
*Additional Attorneys for Plaintiffs*

Robert S. Schachter
Hillary Sobel
Zwerling, Schachter & Zwerling LLP
41 Madison Avenue
New York, NY 10010
Tel: (212) 223-3900
Fax: (212) 371-5969
*Of Counsel to Plaintiffs*

59498.000153 EMF_US 28998431v3