UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-MD-2073-CIV-HUCK/O'SULLIVAN

IN RE BANCO SANTANDER SECURITIES-
OPTIMAL LITIGATION
_____/

**PLAINTIFFS' RESPONSE TO PwC IRELAND'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this response to the notice of supplemental authority submitted by PricewaterhouseCoopers Ireland ("PwC Ireland") [Dkt. No. 90].

All three decisions submitted by PwC Ireland are inapposite and easily distinguishable. *First*, with respect to *In re Tremont Securities Law, State Law and Insurance Litigation*, Nos. 09-md-2052, 08-cv- 11117 (TPG) (S.D.N.Y. Mar. 30, 2010) (Griesa, J.) ("*Tremont*"), PwC Ireland highlights that the Court dismissed the claim against the auditor there because there was "no basis" to find that the auditor of the feeder fund "must" conduct audit procedures on a third party. (PwC Ireland Not. at 2). In other words, according to PwC Ireland, *Tremont* stands for the proposition that in the instant action there is "no basis" to find that PwC Ireland had to conduct audit procedures on Madoff because PwC Ireland was the auditor of Optimal U.S. Strategic Equity Ltd. ("Optimal SUS") – not Madoff's auditor.

The operative complaint in this case, however, provides a strong factual basis to the contrary (Dkt. No. 156; 09-20215). The Amended Complaint cites chapter and verse of the applicable auditing standards under the International Standards on Auditing ("ISA") that *required* PwC Ireland to conduct auditing procedures on Madoff because Madoff held 100% of the funds of the Optimal SUS feeder fund. For example, ISA 402 specifically *required* PwC Ireland to assess the importance of Madoff to Optimal SUS and, if Madoff's "activities" were "significant," PwC Ireland was *required* to "obtain a sufficient understanding" of Madoff and

"design further audit procedures." (¶¶226-227). Accordingly, this is a factual matter that Plaintiffs here have sufficiently pled, in contrast to the plaintiffs in *Tremont*.

***Second***, *Meridian Horizon Fund v. Tremont Group Holdings, Inc.*, No. 09-cv-3708, 2010 WL 1257567 (S.D.N.Y. March 31, 2010) (Griesa, J.) ("*Meridian*"), by the same Court that ruled on the *Tremont* case, is also distinguishable on its facts. In *Meridian*, the plaintiffs did not allege any specific facts against the auditors other than the publicly known red flags about Madoff. *Meridian*, at *5. They then said that given all the red flags, the auditors could not possibly have conducted an adequate audit. *Id*. Here, Plaintiffs' investigation uncovered an internal memorandum and a letter stating in detail what PwC Ireland actually did not do in its audit. (¶¶243-264). The memorandum and letter show that PwC Ireland's representative (PwC Bermuda) relied exclusively on Bernard Madoff's oral statements and failed to obtain ***any documentary or evidentiary support*** for those assertions. (¶264; *see also* ¶¶256, 259). The failure to obtain this documentary evidence, among other things, violated specific auditing provisions, such as ISA 200.15. (¶219).

***Third***, *Stephenson v. CITCO Group Ltd. et al.*, No. 09-cv- 716, 2010 WL 1244007 (S.D.N.Y. Apr. 1, 2010) ("*Stephenson*") again is inapposite for virtually the same reasons. *Stephenson* found that "without a plausible allegation that defendant auditors knew of red flags, general allegations of red flags have been found to be insufficient to demonstrate scienter." *Id.* at *19. Here, the single-spaced, 7-page internal memorandum is documentary evidence that PwC Ireland ***knew of the red flags***. (¶250). The memorandum is attached as Exhibit 6 to the Amended Complaint. According to the memorandum, one of the many red flags that PwC Ireland was aware of was whether the Optimal SUS monies were kept by Madoff in a segregated

account with a third party. (¶255). Madoff verbally represented that that was the case. PwC Ireland never checked. (¶256).

In sum, the cases submitted by PwC Ireland were dismissed because the plaintiffs' factual investigations and allegations in those cases were inadequate. Plaintiffs here, however, obtained internal PwC documents outside of the discovery process that go far beyond what is normally available at the pleading stage to support their allegations.

Dated: April 9, 2010

Respectfully submitted,

**ROBBINS GELLER**
  **RUDMAN & DOWD LLP**
  Jack Reise
  Stephen R. Astley
  Michael L. Greenwald

    s/Jack Reise
      JACK REISE

  120 E. Palmetto Park Road, Suite 500
  Boca Raton, FL 33432-4809
  Tel: (561) 750-3000
  Fax: (561) 750-3364
  jreise@rgrdlaw.com
  sastley@rgrdlaw.com
  mgreenwald@rgrdlaw.com

**ROBBINS GELLER**
  **RUDMAN & DOWD LLP**
  James Jaconette
  655 West Broadway, Suite 1900
  San Diego, CA 92101
  Tel: (619) 231-1058
  Fax: (619) 231-7423
  jjaconette@rgrdlaw.com

**LABATON SUCHAROW LLP**
  Joel H. Bernstein
  Javier Bleichmar
  140 Broadway
  New York, NY 10005
  Tel: (212) 907-0700
  Fax: (212) 818-0477

*Lead Counsel*

**ACKERMAN, LINK & SATORY, P.A.**
  Michael A. Hanzman
  2525 Ponce de Leon Boulevard, Suite 700
  Coral Gables, FL 33134
  Tel: (305) 529-9100
  Fax: (305) 529-1612

*Liaison Counsel*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 9, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                                        s/ JACK REISE
                                        JACK REISE