UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov



FILED by _____ D.C.
OCT 11 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA - MIAMI

October 04, 2011

Steven M. Larimore
United States District Court
400 N MIAMI AVE
MIAMI, FL 33128-1807

Appeal Number: 10-14012-FF
Case Style: Inversiones Mar Octava Limitad, et al v. Banco Santander S.A., et al
District Court Docket No: 1:09-cv-20215-PCH

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court; also, enclosed are the two Bills of Costs. The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: James O'Donnell Delaney
Phone #: 404-335-6113

Enclosure(s)

MDT-1 Letter Issuing Mandate

UNITED STATES COURT OF APPEALS
For the Eleventh Circuit

No. 10-14012

District Court Docket No.
1:09-cv-20215-PCH

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2011
JOHN LEY
CLERK
```

INVERSIONES MAR OCTAVA LIMITADA,
MARCELO GUILLERMO TESTA,
On Behalf of Themselves and
All Others Similarly Situated,
SANTANDER INVESTOR GROUP,
LEAD PLAINTIFFS,
JUAN GONZALO PEREZ VALDEZ,

Plaintiffs-Appellants,

INTERNATIONAL HARVESTER LIMITED,
SAN JAVIER INTERNATIONAL LIMITED,

Intervenors-Plaintiffs-Appellants,

versus

BANCO SANTANDER S.A.,
BANCO SANTANDER INTERNATIONAL,
OPTIMAL INVESTMENT SERVICES S.A.,
PRICEWATERHOUSECOOPERS,
HSBC SECURITIES SERVICES (IRELAND) LTD., et al.,

Defendants-Appellees.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By:
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court for the
Southern District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: August 30, 2011
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch

ISSUED AS MANDATE
OCT 04 2011
U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 10-14012

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2011
JOHN LEY
CLERK
```

D.C. Docket No. 1:09-cv-20215-PCH

INVERSIONES MAR OCTAVA LIMITADA,
MARCELO GUILLERMO TESTA,
On Behalf of Themselves and
All Others Similarly Situated,
SANTANDER INVESTOR GROUP,
LEAD PLAINTIFFS,
JUAN GONZALO PEREZ VALDEZ,

                       Plaintiffs-Appellants,

INTERNATIONAL HARVESTER LIMITED,
SAN JAVIER INTERNATIONAL LIMITED,

                     Intervenors-Plaintiffs-Appellants,

versus

BANCO SANTANDER S.A.,
BANCO SANTANDER INTERNATIONAL,
OPTIMAL INVESTMENT SERVICES S.A.,
PRICEWATERHOUSECOOPERS,
HSBC SECURITIES SERVICES (IRELAND) LTD., et al.,

                       Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Florida

---

(August 30, 2011)

Before TJOFLAT and MARTIN, Circuit Judges, and DAWSON,[*] District Judge.

PER CURIAM:

Appellants, plaintiffs before the district court, are a group of foreign investors that invested in two funds organized under the laws of the Bahamas. All of the appellants' transactions were conducted with companies organized under the laws of foreign countries. The two Bahamian investment funds, however, invested their assets with Bernard L. Madoff. Madoff, of course, did not run a legitimate investment company but instead operated a ponzi scheme. When that scheme unravelled, the Bahamian funds went bankrupt, and the appellants' investments were lost.

The procedural history of this case is set forth in detail in the district court's thorough opinion. For our purposes, it is sufficient to say that the proceedings were eventually consolidated into a Multi-District Litigation, which was held in

---

[*] Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

2

the Southern District of Florida. Following extensive briefing, the district court concluded that it lacked personal jurisdiction over six defendants, and further that the entire case was due to be dismissed under the doctrine of <u>forum non conveniens</u>. Appellants appeal these determinations.

This Court "may only reverse a district court's dismissal based on <u>forum non conveniens</u> if it constitutes a clear abuse of discretion." <u>Aldana v. Del Monte Fresh Produce N.A., Inc.</u>, 578 F.3d 1283, 1288 (11th Cir. 2009) (quoting <u>Membreno v. Costa Crociere S.p.A.</u>, 425 F.3d 932, 935-36 (11th Cir. 2005)). It is well settled that abuse of discretion review is "extremely limited" and "highly deferential." <u>Id.</u> When this Court employs the abuse of discretion standard, it "must affirm unless [it] find[s] that the district court has made a clear error of judgment, or has applied the wrong legal standard." <u>Id.</u> (quoting <u>United States v. Frazier</u>, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)).

Upon a thorough review of the briefs and the district court's opinion, and with the benefit of oral argument, we hold that the appellants have not carried their heavy burden to demonstrate that the district court abused its discretion in dismissing on <u>forum non conveniens</u> grounds. Rather, the court committed no errors of judgment, clear or otherwise, nor did it apply the wrong legal standard. <u>See Aldana</u>, 578 F.3d at 1288. We thus share the district court's conclusion "that

3

Ireland is an adequate alternative forum and that the relevant private and public factors weigh strongly in favor of <u>forum non conveniens</u> dismissal in favor of Ireland," and affirm.[1]

**AFFIRMED**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

[1] Because we may affirm on any ground supported in the record, we do not reach the district court's conclusions regarding personal jurisdiction. See <u>Ironworkers Local Union 68 v. AstraZeneca Pharms., LP</u>, 634 F.3d 1352, 1360 (11th Cir. 2011).

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## BILL OF COSTS

**U.S. COURT OF APPEALS ELEVENTH CIRCUIT**
**SEP 12 2011**
**JOHN LEY CLERK**

Inversiones Mar Octava Limitada, et. al.
_Appellant_

vs.

Banco Santander S.A. et al.
_Appellee_

Appeal No. 10-14012-FF

A Bill of Costs should only be filed when the Clerk's Office has advised a party that the party is entitled to costs. Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

## INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ( $.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Repro. Method (Mark One) Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | | |
| Appellee's Brief | ✓ | | 35 | 15 | 525 | 78.75 | 78.75 |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $78.75 REQUESTED | $78.75 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: Sept. 12, 2011
Signature: [signature]

Attorney for: Banco Santander S.A.
(Type or print name of client)

Attorney Name: Gustavo Membiela
(Type or print your name)

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

## FOR COURT USE ONLY

Costs are hereby taxed in the amount of $78.75 against Appellants
and are payable directly to Appellees

By: [signature]
Deputy Clerk
Atlanta, Georgia

John Ley, Clerk of Court
By: [signature] Tyra A. Patterson
Deputy Clerk

Issued on: OCT 04 2011

MISC-12
5/4/10

# UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
## BILL OF COSTS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEP 12 2011
JOHN LEY
CLERK

Inversiones Mar Octava Limitad, et al.
_____
Appellant

vs.

Banco Santander S.A., et al.
_____
Appellee

Appeal No. 10-14012-FF

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

### INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ($.15 per copy for "In-House"; up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) In-House | Repro. Method (Mark One) Comm* | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | | |
| Appellee's Brief | | X | 31 | 23 (9) | 713 | $178.25 | 69.75 |
| Reply Brief | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $ $178.25 REQUESTED | $ 69.75 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: September 8, 2011        Signature: Lisa Fried

Attorney for: PricewaterhouseCoopers Bermuda    Attorney Name: Lisa Fried
(Type or print name of client)                  (Type or print your name)

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

### FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ __69.75__ against __Appellants__

and are payable directly to __Appellees__

Thomas K. Kahn, Clerk
By: Tina Patterson
    Deputy Clerk

Issued on: OCT 04 2011

MISC-12
(12/07)

American LegalNet, Inc.
www.FormsWorkflow.com

FRAP 39. Costs

(a) Against Whom Assessed. The following rules apply unless the law provides or the court orders otherwise:

　　(1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
　　(2) if a judgment is affirmed, costs are taxed against the appellant;
　　(3) if a judgment is reversed, costs are taxed against the appellee;
　　(4) if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders.

(b) Costs For and Against the United States. Costs for or against the United States, its agency, or officer will be assessed under Rule 39(a) only if authorized by law.

(c) Costs of Copies. Each court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix, or copies of records authorized by Rule 30(f). The rate must not exceed that generally charged for such work in the area where the clerk's office is located and should encourage economical methods of copying.

(d) Bill of Costs; Objections; Insertion in Mandate.

　　(1) A party who wants costs taxed must — within 14 days after entry of judgment — file with the circuit clerk, with proof of service, an itemized and verified bill of costs.
　　(2) Objections must be filed within 10 days after service of the bill of costs, unless the court extends the time.
　　(3) The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must — upon the circuit clerk's request — add the statement of costs, or any amendment of it, to the mandate.

(e) Costs on Appeal Taxable in the District Court. The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule:

　　(1) the preparation and transmission of the record;
　　(2) the reporter's transcript, if needed to determine the appeal;
　　(3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and
　　(4) the fee for filing the notice of appeal.

* * * *

11th Cir. R. 39-1 Costs. In taxing costs for printing or reproduction and binding pursuant to FRAP 39(c) the clerk shall tax such costs at rates not higher than those determined by the clerk from time to time by reference to the rates generally charged for the most economical methods of printing or reproduction and binding in the principal cities of the circuit, or at actual cost, whichever is less.

Unless advance approval for additional copies is secured from the clerk, costs will be taxed only for the number of copies of a brief and record excerpts or appendix required by the rules to be filed and served, plus two copies for each party signing the brief.

All costs shall be paid and mailed directly to the party to whom costs have been awarded. Costs should not be mailed to the clerk of the court.

* * * *

I.O.P. -

1. *Time - Extensions.* *A bill of costs is timely if filed within 14 days of entry of judgment. Judgment is entered on the opinion filing date. The filing of a petition for rehearing or petition for rehearing en banc does not extend the time for filing a bill of costs. A motion to extend the time to file a bill of costs may be considered by the clerk.*

2. *Costs for or Against the United States.* *When costs are sought for or against the United States, the statutory or other authority relied upon for such an award must be set forth as an attachment to the Bill of Costs.*

3. *Reproduction of Statutes, Rules, and Regulations.* *Costs will be taxed for the reproduction of statutes, rules, and regulations in conformity with FRAP 28(f). Costs will not be taxed for the reproduction of papers not required or allowed to be filed pursuant to FRAP 28 and 30 and the corresponding circuit rules, even though the brief, appendix, or record excerpts within which said papers are included was accepted for filing by the clerk.*

American LegalNet, Inc.
www.FormsWorkflow.com